*December,* 1885.

### PEOPLE *v.* PLATT.

(Reversing 3 *N. Y. Crim. Rep.* 129.)

ABDUCTION—EVIDENCE—CORROBORATION—PEN. CODE, § 282.

Where a specific intent is required to make an act criminal, the doing of
the act does not raise a presumption that it was done with that intent.
When corroboration is necessary, it should, if it is not direct and positive,

at least show proof of circumstances legitimately tending to prove the existence of all material facts constituting the crime.

Under § 282, subd. 1 of the Penal Code, the employment of a female under sixteen (and over ten) years of age for purposes of prostitution or sexual intercourse, is not an offense except where the taking of her person is accomplished by some active agency.*

Upon a trial for the abduction of a female under sixteen years of age for the purpose of prostitution, under that section, to convict, there must be proof both of the abduction and of the purpose for which it was accomplished.

In such a case proof aside from that of the abducted female, to establish the commission of the crime, and that it was perpetrated by the accused.

APPEAL by defendant, August Platt (or Plath), from a judgment of the General Term of the Supreme Court in the first department, of May, 1885, affirming a judgment of the Court of General Sessions of New York, of March 2, 1885, convicting defendant of abduction under subd. 1, section 282 of the Penal Code.

For the facts and points of counsel see the report of the case at General Term. 3 *N. Y. Crim. Rep.* 129.

*Howe & Hummel,* for defendant, appellant.

*Randolph B. Martine,* district attorney (*De Lancey Nicoll,* assistant), for the people, respondent.

RUGER, Ch. J. — The defendant was indicted and, upon trial, convicted, of the crime of abduction, in that he, "with force and arms, feloniously did take one Katie Cavanaugh for the purpose of prostitution, she, the said Katie Cavanaugh, being then and there a female under the age of sixteen years." It was essential, to the support of this conviction, that the people show not only a taking by the defendant within the meaning of the statute, but also that such taking was for the purpose of prostitution. *Penal Code,* § 282, as amended by section 2, chapter 46, *Laws of* 1884. If the evidence establishes only a taking, and fails to show that it was for the prohibited purpose, it is insufficient to sustain the conviction, and so proof of the fact

* See People *v.* Seeley, 3 *N. Y. Crim. Rep.* 225.

that the person of the female was used for purposes of prostitution, without proof of the abduction, would not bring the accused within the condemnation of the statute. It is elementary, when a specific intent is required to make an act an offense, that the doing of the act does not raise a presumption that it was done with the specific intent. *Lawson on Presumptive Ev.* § 472. Neither can a conviction under this act be sustained, upon the unsupported evidence of the female abducted. *Penal Code,* § 283. In cases where corroboration is required, there has been some diversity of opinion in the authorities as to the particular facts which should be corroborated, and the extent of the corroboration needed in order to comply with the rule; but it is now conceded to be the general rule, that it should tend to show the material facts necessary to establish the commission of a crime, and the identity of the person committing it.

When an offense was formerly proven by accomplices, it was the usual practice of trial courts to advise an acquittal, unless such evidence was, in some respects, corroborated by other testimony, although, at common law, a conviction upon the evidence of the accomplice alone was sustainable. In those cases the extent and degree of corroboration rested in the discretion of the trial court, and necessarily varied according to the circumstances of the case. Although such cases are not strictly analogous to those where corroboration is required by statute, they yet furnish some help in determining the degree of proof required in the latter case. The rule as to the corroboration of an accomplice, is stated in *Roscoe's Crim. Ev.* (p. 122), as follows: "There should be some fact deposed to — independently, altogether, of the evidence of the accomplice — which, taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it." *Russell on Crimes* (p. 962), says: That "it is not sufficient to corroborate an accomplice as to the facts of the case generally, but that he must be corroborated as to some material fact or facts which go to prove that the prisoner was connected with the crime charged." 1 *Greenleaf on Ev.* (§ 381), lays down the rule as held by some, that it is "essential that

there should be corroborative proof that the prisoner actually participated in the offense, and that when several prisoners are to be tried, confirmation is to be required as to all of them, before all can be safely convicted; the confirmation of the witness, as to the commission of the crime, being regarded as no confirmation at all as it respects the prisoner."

The policy of the statute under consideration, would seem to forbid the conviction of a person of the crime of abduction upon the unsupported evidence of the subject of the crime, and a conviction founded upon the evidence of the abducted female alone, as to either of the elements constituting the crime, would be contrary to its implied prohibition. Such evidence must, therefore, tend to prove each of the facts constituting the crime, for otherwise a person might be convicted of an offense as to one of whose elements there existed no proof, except that of the alleged abducted female. If the corroborative evidence goes to the support of the alleged purpose alone, it is apparent that there is no legal proof of the commission of a crime, and it would be the same if the corroboration was confined to a support of the taking alone, and the proof as to the purpose was uncorroborated. It is not indispensable that such corroboration should be furnished by positive and direct evidence, but proof of circumstances legitimately tending to show the exist ence of the material facts, will be sufficient to authorize a con- viction. In one form or the other, however, proof must be given, aside from that of the female, tending to establish the commission of a crime, and that it was perpetrated by the person accused, before a conviction can be lawfully had.

An examination of the proof in this case fails to disclose any evidence corroborating the testimony of the female alleged to have been abducted, as to the participation of the defendant in the abduction, assuming that her evidence established a taking within the meaning of the statute. We have, however, grave doubts as to the sufficiency of such evidence to establish a taking. Regina v. Olifier, 10 Cox C. C. 403. But passing over that question, we will examine the evidence which it is claimed corroborated the testimony of the abducted female.

Her evidence was to the effect that, in July, 1884, the de-

fendant kept a dance-hall or concert saloon and drinking place
in Chatham street, New York, and had no previous acquaint-
ance with, or knowledge of, the witness, her friends or family;
that she was a young girl about fifteen years of age, of some-
what dissolute character, residing with her parents at Newark;
that some time the latter part of July, in company with a young
companion—the former inmate of a house of prostitution of
her own free will—visited New York without the consent of
her parents, and, in strolling about the streets, came to the de-
fendant's saloon and entered. After sitting in the bar-room
for a while she saw the defendant go behind the bar, and asked
him how much it was to see the entertainment. He replied,
"nothing, my little dear, come in." He then treated the girls
to soda water, and asked them if they came to stay, to which
Cavanaugh replied that she did. He then invited the girls to
go up-stairs, and, while there, offered Cavanaugh a dress which
she declined. He also took indecent liberties with the persons
of both girls, and, after remaining there about twenty minutes,
left them. Both girls voluntarily remained in the place several
days, and the Cavanaugh girl for about one month, during
which time she had intercourse with a large number of men.
No evidence was furnished by the prosecution showing that the
defendant knew the true name of the girl, or the place of resi-
dence of herself or family, or that he had had any previous ac-
quaintance with her, or knowledge of her family, or their circum-
stances or condition. No direct proof was given, tending to
establish the existence of any fact testified to by Cavanaugh,
but she was attempted to be supported by circumstances alone.
Two witnesses testified that they visited defendant's saloon the
latter part of August, and found quite a number of women and
men assembled there engaged in dancing, drinking and sitting
around together, among whom was Cavanaugh. They asked
defendant if he had there a girl by the name of Cavanaugh,
who came from Newark. Defendant denied any knowledge of
such a girl, and offered to allow them to search the premises for
her. While they were talking, Cavanaugh disappeared. It
nowhere appeared that the defendant was acquainted with the
true name of Cavanaugh, or that she came from Newark.

These witnesses also inspected the upper rooms of the saloon, and there found a large number of small apartments filled with beds and bunks; they saw women intoxicated, and some quarreling and fighting going on. Afterwards in September, one of the witnesses saw a man and woman in bed together, and the man stated that he was not the husband of the woman. A physical examination of the girl revealed appearances indicating that attempts at sexual intercourse with her had been made, but that, in fact, it never had been accomplished. Beyond this no evidence was given looking towards corroboration of the testimony of the alleged abducted female.

We are utterly unable to see any tendency in this evidence to prove any of the facts going to show the agency of the defendant, in inducing Cavanaugh either to leave the custody of her parents, or remain in his place, unless a presumption of criminal persuasion is always to be imputed to a person with whom a dissolute female is domiciled. That he kept a disorderly house, and was engaged in a vile and reprehensible occupation, is quite sufficiently demonstrated, and that the object of Cavanaugh's residence in his house was presumably for the purpose of prostitution; but there is nothing in the corroborative proof inconsistent with the theory that her stay there was the result of her own will, uninfluenced by any persuasion, allurement or device of the defendant. The evidence does not tend to show that the influences inducing Cavanaugh to come or remain at the defendant's house were any different from those operating upon the other inmates of the place, or upon females generally who had not become inmates.

It is a lamentable fact that a life of prostitution presents attractions to some young and inexperienced females, and that many are induced to enter upon it by the expectation of pleasures to be derived, wants to be supplied or disagreeable social conditions to be escaped, and that from some, or all of these causes combined, the haunts of vice and immorality are too largely supplied; but the statute in question was not intended to provide a remedy for this evil, or prescribe a punishment for those who keep such places. There is nothing in the section of the act, under which defendant was convicted, making the

employment of a female under sixteen years of age for purposes of prostitution or sexual intercourse a criminal offense, except where it is accompanied with a taking of her person by some agency for such purpose. The word "takes," seems to be used to distinguish the act prohibited from those where the female is merely received, or permitted and allowed to follow a life of prostitution, without persuasive inducement, by the person accused.

The statutory age under which the consent of the female does not deprive the act of sexual intercourse of its criminal effect, is fixed at ten years, but over that age the act in question does not make such intercourse a crime, if effected without persuasion or device, by the free will and consent of the female. The same evidence which has been produced against the defendant in this case, could doubtless be given as to every keeper of a brothel or disorderly house in New York, and it would tend to impair confidence in the administration of the law, and confound the distinction in crimes made by statute, to permit this conviction to be upheld upon the proof shown by the record. Every criminal, however vile, has a right to require that the elements of his offense shall be clearly defined by law, and established by legal proof, before he can be convicted thereof, and, until then, he may safely assert his immunity from punishment for any offense which is not thus defined and proved. The defendant in this case is entitled to the same presumption of innocence which prevails in other cases, and we are constrained to say that evidence has not been given here rebutting such presumption. We think the evidence was insufficient, in the absence of the proper confirmatory proof, to warrant his conviction, and that the judgment of the General Term and Sessions should be reversed and a new trial granted.

All concur.