## Supreme Court—General Term—Third Department.

*June,* 1886.

### PEOPLE *v.* POWELL.

PLEADING—INDICTMENT FOR ABDUCTION CHARGING TWO
PURPOSES OF TAKING—ABDUCTION—ACCOM-
PLICE—CORROBORATION.

A demurrer upon the ground that more than one crime is charged, will not lie to an indictment for abduction (Penal Code, § 282), charg-

ing that the defendant took the female in question "for the purpose of prostitution *and* sexual inte.course."

It appeared from the evidence on the trial of an indictment for abduction, that defendant took the prosecutrix, a girl under sixteen years of age, from her home in a surreptitious manner, and proceeded with her to a house in company with his confederate, where their conduct and the account given of the girl caused their exclusion; that defendant then, at 11 o'cl ck at n'ght, proceeded to a barn, where h:s confederate left him and the girl alone; and that there and at other places where they went during the next ten days, defendant had illicit intercourse with her: *Held*, a proper case for the j ry, both as to the act of taking and the purpose thereof.

People *v.* Plath, 4 *N. Y. Crim. Rep.* 53, distinguished.

Though corroboration of the testimony of the female abducted is required by section 283, Penal Code, she is is no sense an accomplice of the defendant.

*It seems* that the "other evidence" required by section 283, Penal Code, may be given by an accomplice of defendant.

APPEAL from a judgment on conviction for the crime of abduction, rendered in the Court of Sessions of St. Lawrence county, March 25, 1886, sentencing the defendant, Edgar Powell, to State prison for the term of three years.

Defendant was indicted in the Oyer and Terminer of said county, January 15, 1886, for the crime of abduction, the indictment charging that on the 15th day of November, 1886, at Canton, in St. Lawrence county, he took one Carrie Hodge, a female under the age of sixteen years, for the purposes of "prostitution and sexual intercourse."

A demurrer to the indictment having been interposed and overruled, said indictment was transferred to the Court of Sessions, and on March 24, 1886, was tried before Hon. JOHN M. KELLOGG and associates.

Further facts appear in the opinion.

*John C. Keeler*, for appellant.—I. The indictment was void for duplicity, and it was error to overrule the demurrer and give judgment for the people thereon. *Code Crim. Pro.* §§ 276, 278. To take a female under the age of sixteen years for the purpose of "prostitution" is a crime full and complete in itself. People *v.* Plath, 3 *N. Y. Crim. Rep.* 130. To take a

female under the age of sixteen years for the purpose of sexual intercourse is also a crime full and complete in itself. People v. Seeley, 3 N. Y. Crim. Rep. 225. The words prostitution and sexual intercourse, as used in the statute, are not synonymous terms, but are radically different in meaning. Carpenter v People, 8 Barb. 611; People v. Parshall, 6 Park. 133. When an act may constitute two crimes, the act must be set forth in two counts. Code Crim. Pro. § 279; People v. Dawson, 1 N. Y Crim. Rep. 146. If the indictment is to be upheld because the words "sexual intercourse" are surplusage, the judgment must be reversed, for there is not evidence that the prosecutrix was taken for the purpose of prostitution. People v. Parshall, supra. The indictment is void for duplicity. The case of Dawson v People (25 N. Y.) is not authority for sustaining the indictment. The words prostitution and sexual intercourse do not designate the means by which an act is done, but they are part and parcel of the act prohibited. Lawson on Pre. Evidence, 473.

II. There was no taking of prosecutrix, but her going away was voluntary and at her own request. "If a female of her own accord desires to go away for the purposes mentioned, and a person at her request furnishes her with means of going, or carries her away, it cannot be said that he is guilty of aiding or assisting in her abduction, for the reason that in such case there would be no abduction within the meaning of the act." Carpenter v. People, 8 Barb. 607. It must be some persuasion or inducement controlling the action of the person designed to be protected, to bring the case within the meaning of the act. People v. Plath, supra. In the case of a female over the age of ten years, intercourse with her is not a crime if effected without persuasion or device, by the consent of the female. People v. Plath, 4 Id. 53.

There is not a particle of proof that defendant asked, persuaded or enticed prosecutrix to go away with him, or that her having sexual intercourse with him was not of her own free will and accord. The proof showed that prosecutrix considered herself abused at Bridge's and had decided not to stay there, and that she wrote defendant Saturday, requesting him to take

her away, and .also told Stein to tell him to come and get her. Defendant, therefore, did not take her within the meaning of the statute.    People v. Plath, *supra.*

III. If there was any taking of prosecutrix, it was not for the purpose of prostitution or sexual intercourse.   (*a*) The court charged that there was no evidence to support the allegation that it was for the purpose of prostitution.   (*b*) No witness testified that it was for the purposes of sexual intercourse, neither was a question to that effect asked a witness.

Prosecutrix testified that she went away for the purpose of marrying defendant.   Stein says that they talked of getting married when they went away, and that was defendant's intention.   The getting of the team, taking away prosecutrix's clothing, the having Stein to carry the satchel, trying to have her stay at John Powell's and her mother's house, all are inconsistent with the theory that the intention was merely to accomplish the act of sexual intercourse, for that could be more readily accomplished at Bridge's in the barn or elsewhere on the premises, or when riding out with prosecutrix.   But when specific intent is required to make an act an offense, the doing of the act does not raise a presumption that it was done with a specific intent.   *Lawson on Pre. Evidence,* 472.   The two elements of the offense charged were (1) the taking of the prosecutrix, and (2) for the purpose of sexual intercourse.   If either element were wanting there was no crime.   If defendant did have sexual intercourse with prosecutrix, it was no evidence that, if he took her, he took her for that purpose.   People v. Plath, *supra.*   There being no evidence to support the charge of intention the conviction cannot stand.   People v. Carpenter, 133–4.

IV. Neither prosecutrix nor Stein were corroborated by evidence, as is required by the statute.

Section 283 of the Penal Code required prosecutrix, and section 399 of the Code of Criminal Procedure required Stein to be corroborated as the two constituent elements of the offense charged, viz. : (1) as to the taking, and (2) as to the purpose. People v. Plath, *supra.*

*Lewis C. Lang*, district attorney, for the people, respondent.*

LANDON, J.—Section 282 of the Penal Code declares that "A person who takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse . . . is guilty of abduction."

The indictment charges that the defendant did . . take such female, for the purposes of prostitution *and* sexual intercourse."

The defendant demurred, alleging for grounds that two offenses were charged in the count. The demurrer was properly overruled. The taking with either purpose constitutes one offense. To charge two offenses, two takings must be charged, which was not done. It was not improper to charge the one taking for both purposes and give proof of either.

Under the Code of Criminal Procedure (§ 279) two counts might have been framed, charging the same taking, in each but with one purpose in one count and the other purpose in the other, but it is not commanded; and it is obvious that two such counts might have left it doubtful, as now it is not, whether two crimes were intended to be charged or only one.

That the defendant took the prosecutrix away from her home in a surreptitous manner is abundantly proved. That he proceeded with her to a house in company with his confederate, where their conduct and account given of the girl, caused their exclusion is also shown.

That the defendant then, at eleven o'clock at night, proceeded with the girl to a hay-stack or barn, where his confederate left him and the girl alone, and that the defendant there and at other places where they went during the following ten days, had illicit intercourse with her, is also shown.

Some testimony, but not very conclusive, was given respecting an intended marriage. No intimation was given that the girl was previously unchaste.

The circumstances are detailed in the evidence, and it was peculiarly a case for the jury to deduce from all the facts

---

* The points of the district attorney are not given, inasmuch as the positions taken therein are fully sustained by the opinion of the court.

the proper conclusions, both with respect to the act of taking and the purpose with which it was done.

We do not think the jury erred in coming to the conclusion that the defendant, before he took the girl, marked her for an easy victim and acted with the purpose which he accomplished.

The defendant urges that the case is like that of People v. Plath (4 N. Y. Crim. Rep. 53; 100 N. Y. 590). The conclusion that the girl was taken for the purposes of sexual intercourse, does not here rest upon the single fact that such intercourse was permitted. That is but the culminating fact to which the antecedent acts of defendant plainly point.

The prosecutrix is here corroborated in nearly every essential particular by the confederate of the defendant, and also by the circumstances proved by other witnesses.

She is not in any legal sense the accomplice of defendant since she could not be indicted for abduction under the statute. People v. Vedder, 3 N. Y. Crim. Rep. 32; 98 N. Y. 630.

The Penal Code (§ 283) declares that no conviction can be had for abduction, upon the testimony of the female abducted, unsupported by other evidence. Other evidence was given by defendant's confederate, and though he may be an accomplice, the law allows him to testify and give the "other evidence." But the essential facts of the taking and the intercourse are corroborated by other witnesses. The purpose of the defendant must be inferred from all the transactions, and there does not appear to be much doubt as to them.

The requests to charge were much too broad, and the exceptions to the refusals of the court cannot be sustained.

Conviction and judgment affirmed.

BOCKES, P. J., and PECKHAM, J., concur.