# Court of Appeals.

*March*, 1887.

## PEOPLE *v.* OGLE.

MURDER.—EVIDENCE.—ACCOMPLICES.—CREDIBILITY OF
WITNESSES.

Upon the question of the flight of the prisoner, it is not error to ad-
mit proof of the action of the officers in seeking for him after
the commission of the crime.

It is not error to ask the defendant on cross-examination if he had
been arrested for shooting a certain man, where a witness for
the defendant has already testified that the defendant was ar
rested for and honorably acquitted of that offense.

It is proper for the trial court to refuse to charge the jury, in rela
tion to the acts necessary for the corroboration of an accom-
plice, that they must be inconsistent with the innocence of the
defendant, and which exclude every hypothesis but that of
'guilt. Corroboration is only required as to some material fact
which goes to prove that the prisoner was connected with the
crime.

The court was asked to charge the jury that it would be justified in
requiring every fact, sworn to by witnesses claiming to be ac-
complices, to be corroborated to its satisfaction, and if not so
corroborated to reject such fact as not proved. The court hav-
ing left the question of the credibility of the witnesses, under
proper instructions, to the jury, it was not error to refuse the
charge, as requested.

A person who in no way aided or abetted a murder, but in whose
hand, after its commission, a knife was placed by the murderer,
which he threw under a chair, cannot be said to be an accom-
plice in the crime.

Appeal by defendant, George Ogle, from a judgment
of the General Term of the Supreme Court, in the First
Department, entered upon an order made June 28, 1886,
which affirmed a judgment of the Court of General Ses-
sions for the City and County of New York, entered upon

a verdict convicting defendant of murder in the second degree.

This case at General Term is reported in 4 *N. Y. Crim. Rep.* 349, where will be found the brief of defendant's counsel.

*William F. Howe*, for defendant, appellant. (In addition to the points made in the court below.)

It was erroneous to permit the district attorney to prove by the police officers what they did in seeking the prisoner. Ryan *v.* People, 79 *N. Y.* 601. This was prejudicial. Stokes *v.* People, 53 *N. Y.* 184; Coleman *v.* People, 58 *Id.* 561; Anderson *v.* Rome, Watertown, etc. R. R. Co., 54 *Id.* 341; Worrall *v.* Parmelee, 1 *Id.* 520.

The court should have charged the jury that the acts necessary for corroboration must be inconsistent with the innocence of the defendant, and must exclude every hypothesis but that of guilt. People *v.* Plath, 4 *N. Y. Crim. Rep.* 53; 100 *N. Y.* 593.

*Randolph B. Martine*, district attorney (*De Lancey Nicoll* and *McKenzie Semple*, assistants), for the people, respondents.

PECKHAM, J.—Several grounds are stated by the counsel for the prisoner for granting a new trial, but we think that not one is sufficient. It seems, on the contrary, to be quite a plain case for an affirmance of the judgment. But as the prisoner has been convicted of murder in the second degree and sentenced to imprisonment for life, we have not only given full attention to the arguments advanced by his counsel, but in deference to the gravity of the case we will briefly state the reasons for the result arrived at by us.

1. The first alleged error consists in permitting proof of the action of the officers in seeking for the prisoner after the crime was committed. It was offered and received upon the question of the flight of the prisoner. The court decided correctly in admitting the evidence.

The crime was committed on November 30, 1882, and a brother of defendant was charged with its commission, and both were arrested that night. The prisoner was present at the examination of his brother, but was not called as a witness. The brother was subsequently indicted, but was finally discharged on his own recognizance, as there was no proof against him, and, at that time, none against the prisoner.

Subsequently, in January, 1884, several persons were arrested and brought down before the district attorney, or some of his officers, and statements were made by some of them which led the authorities to desire the arrest of the prisoner.

The evidence objected to was then permitted to be given by the district attorney, showing what the officer did in order to arrest the prisoner; that he went to his house for the purpose of looking for him, but did not find him there, and also to a saloon kept by one Ogle (but not the prisoner, nor was it his home), and did not find him, and also searched the neighborhood or vicinity without success, and also made inquiries, but without finding him until September 6, 1886, when he was arrested in New York; and he then told the officer, as the officer swore, that he had been in Montana, Kansas City, and Montgomery, Alabama, and that if the officer had not got him then, he " was going away to-morrow evening," and " I guess you would never have got me."

All this evidence was perfectly proper. The district attorney claimed that it proved that the prisoner had run away, and from that (among other things) he might ask the jury to infer guilt. If it did not prove flight, no harm was done. All that could be said was the people had tried to prove a fact, and failed; but the evidence was so plainly admissible that no argument upon it is required.

2. The next ground taken by counsel for the prisoner to obtain a reversal rests upon the fact that the district attorney, upon the cross-examination of the prisoner, asked

him if he had been arrested for shooting a man at Miner's Theater. The evidence was admitted under the objection and exception of the prisoner's counsel. Whatever the ruling of the court might otherwise have been, it is clear that no right of the prisoner was illegally invaded under the facts of this case, for his counsel had already proved the same fact in the examination of the father of the prisoner, who testified that his son had been arrested and honorably acquitted upon the trial of a charge for shooting a man at Miner's Theater, showing conclusively that the two examinations referred to the same transaction.

3. The counsel asked the court to charge the jury, in relation to the acts necessary for the corroboration of an accomplice, " that they must be inconsistent with the innocence of the defendant and which exclude every hypothesis but that of guilt." The court refused, and counsel excepted.

In this the court was clearly right. There is not and never was any such rule as to corroboration. The whole law of evidence will be searched in vain for it. The authorities cited by prisoner's counsel maintain no such rule. The rule is stated in one of them (People *v.* Plath, 4 *N. Y. Crim. Rep.* 53 ; 100 *N. Y.* 593), and is wholly different from the request herein made. It only requires a corroboration as to some material fact which goes to prove that the prisoner was connected with the crime.

Another answer is that the witnesses in regard to whom the request was made, were not accomplices in any sense of the word. Neither was even charged with any crime whatever. The most that could be alleged was that one of them, after the crime was committed, had the knife placed in his hand, and he threw it under a chair in the ball-room, to which he immediately returned after seeing the prisoner plunge it into the deceased.

There is no evidence whatever that either had the least thought that murder was to be committed, or in any way aided or abetted in its commission. Even if the rule as to the evidence of an accomplice had been erroneously stated

by the court, it was therefore wholly immaterial in this case.

4. The court was also asked to charge the jury that it would be justified in requiring every fact sworn to by the witnesses Rogers and Hopper to be corroborated to its satisfaction, and if not so corroborated, to reject such fact as not proved. The court left the question of the credibility of the witnesses under proper instructions to the jury. The charge was an eminently fair one, and all the legal rights of the prisoner were therein carefully and fully guarded.

The record reveals no error, and the judgment must be affirmed.

All concur.