THE PEOPLE OF THE STATE OF NEW YORK, Respondents,
*v.* DENNIS J. CULLEN, Appellant.

*N. Y. Supreme Court, First Department, General Term, May 24, 1889.*

1. *Witness child.*—The court cannot exclude a child from the stand because of any want of understanding or comprehension of the nature of an oath, where there was sufficient evidence before the trial court to justify it in holding that the witness was competent.

2. *Evidence.  Complainant.*—Where there is some evidence fairly tending to support the complainant as to some material part of the crime of attempted rape, so that a conviction will not rest entirely upon her testimony, it is the duty of the court to submit the question to the jury.

3. *Motion to direct a verdict.  When cured.*—Though, when the people rests, the evidence supporting the testimony of the complainant is such as to entitle the defendant to a direction in his favor, if such motion is made, the defects may be supplied by the defendant's proof.

4. *Charge.*—The court did not err in advising the jury, without objection, when only a single issue is really presented for trial by the defendant, that this was the only issue presented in the case.

Appeal from a judgment of the court of general sessions convicting defendant of an attempt to commit a rape.

*John D. Townsend*, for appellant.

*W. Travers Jerome*, for respondents.

VAN BRUNT, P. J.—The appellant claims upon this appeal that the evidence of the child as to the commission of the crime was unsupported by other evidence, and that the complainant was not a competent witness.

This later objection cannot prevail, because there was sufficient evidence before the trial court to justify it in holding that the witness was competent.

It is impossible to judge simply from the record what degree of intelligence the complainant manifested when upon the witness stand. The jury heard her examination, and could well judge as to her capacity and understanding, and determine the weight to be given to her testimony. The court could not exclude her from the stand because of any want of understanding or comprehension of the nature of an oath so far as shown by the evidence, and therefore no error was committed in allowing her evidence to go before the jury.

At the close of the case for the prosecution, the evidence supporting the testimony of the complainant was very meagre and unsatisfactory, and would have certainly, under the rule laid down in the case of the People *v.* Plath (100 N. Y. 590) have entitled the defendant to a direction in his favor, had such motion been made, but we think that the rule laid down in the case cited has been very much modified by subsequent adjudication in kindred cases (People *v.* Elliott, 106 N. Y. 288; 8 N. Y. State Rep. 223; People *v.* Everhardt, 104 N. Y. 591; 5 N. Y. State Rep. 793), and that the true rule is that where there is some evidence fairly tending to support the complaint as to some material part of the crime charged, so that a conviction will not rest entirely upon the testimony of the complainant, it is the duty of the court to submit the question to the jury, and that whatever may have been the defects of the case of the people when they rested, they were cured by the testimony of the defendant.

His testimony is of that character that no one can read it without coming to the conclusion that much of it is false, and that falsehood has been resorted to for the purpose of concealing the defendant's connection with the crime charged. This testimony shows a plain attempt at concealment, which would have been entirely unnecessary, had not the defendant felt that he was under a sacred obligation

·to tell some sort of a story to shield himself from the consequences of his acts.

The criticisms upon the charge of the learned judge who presided cannot prevail. It will not do, when only a single issue is really presented for trial by the defendant, the other proof being merely formal, to say that the court erred when he advised the jury, without objection, that this was the only issue presented in the case, and that is all that the court did in the case at bar.

Although the evidence in the case at bar, as it appears upon the record, is not as conclusive as it might have been, there was sufficient upon the whole case to submit the questions at issue to the jury, and with their findings we see no reason to interfere.

As to the exclamation of the juror during the progress of the trial, it may very well have been called forth by the reiteration of the disgusting evidence of the case, and in no way indicated that the juror was in any way not impartial between the prisoner and the people.

Upon the whole case, therefore, we think that the conviction should be affirmed.

DANIELS and BRADY. JJ., concur.