THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALEXANDER B. TERWILLIGER, Appellant.

*Rape — speedy disclosure by the prosecutrix — circumstances excusing delay — Penal Code, § 283 — corroborating evidence.*

The case of rape is an exception to the rule that the evidence of a witness cannot be corroborated or confirmed by proof that such witness stated the facts testified to on the trial on some previous occasion, when not under oath. Such a disclosure must, however, be made at the first suitable opportunity, although there are circumstances which will excuse delay in making it.

Upon the trial of a person accused of the crime of rape, it appeared that at the time the rape was committed the woman assaulted was sixteen years of age; that for seven days after the alleged commission of the crime she was at a place a considerable distance from her home with old people, to whom it would not be natural for her to confide what had befallen her, and within a short distance from the defendant, who had threatened to kill her if she disclosed what had occurred; that she expected shortly to return to her parents, and that immediately upon her return she told her mother what had occurred.

*Held,* that, under the circumstances, it was proper to submit to the jury evidence of the disclosure made by her to her mother. (MAYHAM, P. J., dissenting.)

It is not necessary under section 283 of the Penal Code that a prosecutrix should be corroborated upon every material point of her testimony. There must be corroborative evidence fairly tending to prove that the crime was committed, and that it was committed by the defendant. It is not necessary that the cor-

roborative evidence should be such as to exclude every hypothesis but guilt, and a disclosure within proper time is some corroboration. If opportunity for the commission of the crime and the recent rupture of the hymen be shown, there is sufficient corroborative evidence of the commission of the crime. (MAYHAM, P. J., dissenting.)

APPEAL by the defendant, Alexander B. Terwilliger, from a judgment of the Court of Sessions, held in and for the county of Ulster, convicting the defendant of the crime of rape, and from an order made by the Court of Sessions of the county of Ulster, and entered in the office of the clerk of the county of Ulster on the 11th day of July, 1893, denying the defendant's motion for a new trial on the ground of newly discovered evidence.

*William Lounsbery*, for the appellant.

*F. A. Westbrook*, for the respondent.

HERRICK, J. :

The questions in this case upon which the defendant mainly relies for a reversal of the judgment of conviction are : *First*, the reception of the evidence of the complainant that she disclosed the facts of the assault to her father and mother for the first time a week after it took place ; *second*, that her testimony as to such assault was not sufficiently supported or corroborated to warrant a conviction under section 283 of the Penal Code.

The case of rape is an exception to the rule that the evidence of a witness cannot be corroborated or confirmed by proof that such witness stated the facts testified to on the trial on some previous occasion when not under oath. (*People* v. *O'Sullivan*, 104 N. Y. 481.)

And while in that case the court held that the evidence was inadmissible, because the disclosure was not promptly made, and that the reason upon which the rule is based for the reception of such evidence requires that the disclosure should be recent, and made at the first suitable opportunity, yet the court goes on to say : " There may be circumstances which excuse delay, as when the prosecutrix is under physical control of the defendant; when she is among strangers, and' there is no one in whom she can confide ; when she is induced to silence by threats, and is so far within the power or reach of the defendant that the threats may be executed. In such and other like

·cases delay may be excused, and the disclosure may be proved, and .all the facts submitted to the jury for them to determine what weight shall be given to the disclosure, and what effect the delay .shall have."

In this case the prosecutrix was a girl sixteen· years of age. ·She was away from home, some eleven miles distant, with her .grandfather, an old gentleman of the age of about seventy years.

The defendant induced her, with the consent of her grandfather, to accompany him to his house, some three miles distant, to sit up ·with his mother-in-law, who was sick; and while taking her to his house, it is claimed the assault was committed. He threatened to kill her if she disclosed the fact to any one. That night she spent at his house with his family; the next day she returned to her grand-father's, the only persons there at the time being her grandfather and a cousin of his, who appears to have been an old lady; her .grandmother, also an old lady in feeble health, was absent from home ·at the time, but returned prior to the prosecutrix leaving for her ·own home.

The prosecutrix did not tell her story of the assault to any one until she reached her home, seven days after its alleged occurrence, ·and then, before she had removed her outer garments, she told what had happened to her.

There may be some question as to whether the objections and ·exceptions are sufficient to raise the point under discussion; the fact :that she told her mother was testified to by the prosecutrix without objections or exceptions by the defendant. The fact that she dis-closed it to her father and mother was testified to by both of them ·without objection. The question which was objected to was asked ·after the testimony was given that she had made the disclos-ure to them, and was as follows: " Q. Did not she say who committed it; I do not ask who it was? [Question objected to as irrelevant, immaterial and hearsay. Objection overruled and the defendant ·excepted.] A. She did."

But for the purposes of this case it will be assumed that such ·objection is sufficient to raise the point.

It seems to me that the prosecutrix, under all the circumstances appearing in the case, her youth, the fact that she was a considerable distance from her home, with old people, to whom it would not be

natural for her to confide what had befallen her, the fact that she was within a comparatively short distance of the defendant, who had threatened to kill her if she disclosed what had occurred ; that she expected shortly to return to her parents, her natural guardians and confidants ; that immediately upon her return home, before she had removed her " wrap," she told her mother what had occurred ; this, it seems to me, brings it within the line of exceptions to immediate disclosure spoken of in the case of *People* v. *O'Sullivan* (*supra.*)

It was proper that the testimony should be submitted to the jury, for it to determine what weight should be attached to it under all the circumstances, and it was, therefore, properly admitted.

As to the second ground relied upon for a reversal the question is, to what extent it was necessary to corroborate the testimony of the prosecutrix. Section 283 of the Penal Code reads : " No conviction can be had for abduction, compulsory marriage, rape or defilement, upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence."

It does not seem to me that under that section of the Code it is necessary that the prosecutrix should be corroborated upon all the material points of her testimony.

I have been referred to no case giving a construction to the section in question except the case of *The People* v. *Plath* (100 N. Y. 590), and the rule in that case has been very much modified in later decisions. (*People* v. *Kearney*, 110 N. Y. 188–194 ; *People* v. *Elliott*, 106 id. 288 ; *People* v. *Ogle*, 104 id. 511–515 ; *People* v. *Everhardt*, 104 id. 591 ; *People* v. *Cullen*, 5 N. Y. Supp. 886.)

It will be noticed that the section in question is indefinite as to the character and extent of the supporting evidence required.

Without discussing at length the decision in *The People* v. *Plath*, it seems to me that the essential principle established by that case is contained on page 594, that : " In one form or the other, however, proof must be given aside from that of the female, tending to establish the commission of a crime, and that it was perpetrated by the person accused, before a conviction can be lawfully had ; " and within the spirit of that language it seems to me that a safe construction of the section would be to hold that the support or corroboration required by it should be the same that is held to be necessary for

the corroboration of an accomplice under section 399 of the Code of Criminal Procedure; that section reads as follows: "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

"Prior to this statute the rule in the State permitted the jury to convict a defendant upon the uncorroborated testimony of an accomplice (*People* v. *Costello*, 1 Den. 83), but it was the uniform custom of judges to advise the jury that the evidence of the accomplice should be received with great caution, and it rarely happened that a conviction was had upon his unsupported evidence. The rule now embodied in the statute is substantially the rule which before the statute courts were in the habit of stating to the jury for their guidance, although, as has been said, it was not enforced as a rule of law."

"It is plain that, independently of the statutory rule, corroborative evidence to have any value must be evidence from an independent source of some material fact tending to show not only that the crime has been committed, but that the defendant was implicated in it, and such is the doctrine of the best-considered cases. But neither the doctrine hitherto declared by the courts, nor the rule embodied in the statute, requires that the whole case should be proved outside of the testimony of the accomplice. Such a rule would render the testimony of an accomplice in most cases unnecessary, and would defeat the policy of the law, which permits the use of accomplices as witnesses in aid of and in the interest of public justice." (*People* v. *Houghkirk*, 96 N. Y. 149–162.)

It has also been held that "the law is complied with if there is some evidence fairly tending to connect the defendant with the commission of the crime charged, so that the conviction will not rest entirely upon the evidence of the accomplice." (*People* v. *Elliott*, 106 N. Y. 288, 292; *People* v. *Everhardt*, 104 id. 591; *People* v. *O'Sullivan*, 104 id. 481.)

Under these decisions, I think a fair and prudent construction of section 283 of the Penal Code to be that there should be supporting or corroborating evidence fairly tending to prove, *first*, that a rape had been actually committed; and, *second*, evidence tending to prove that the defendant is the person who committed

it; and assuming such to be the true construction to be placed upon the section referred to, it seems to me that in this case there was. sufficient corroborative or supporting evidence to submit the case to the jury.

The prosecutrix is corroborated as to a rape having been committed upon her, by the fact that she was in such a situation with the defendant that he had an opportunity to commit the crime;. another witness, her grandfather, testified that she went away with the defendant in his carriage. She locates the place of the assault in a piece of woods off the public highway; the next day the tracks of a wagon are found through such woods, entering from the side coming from her grandfather's house and leaving it and entering on the highway again on the side going towards the defendant's house.

The defendant is seen with a female in his carriage between the woods and his house, about one-half mile from his house; the prosecutrix comes to his house in the evening in his company; when she arrived there the defendant's sister-in-law says "her hair was ruffled up, and she took down her front hair and rolled it up, and she took off her shoes and shook the dirt out of them. She looked very down-hearted and didn't have anything at all to say, and she kept wiping her eyes occasionally, and I thought she was crying." She testified that when the assault was committed upon her one of the buttons upon her drawers was torn off; about eight days after the alleged commission of the offense the woods were searched, and in the locality where she located the assault a button was found.

When she arrived at her father's house, a week after the transaction, she immediately informed her mother what had happened;. the next day she was examined by a physician, who found that the hymen had been ruptured; he thinks recently ruptured; cannot tell how recently, but thinks within two or three weeks.

A disclosure within proper time, it has been said, is some corroboration. (*People* v. *O'Sullivan, supra.*)

It is true that all these things may be true, and yet she may have consented, and thus the crime not have been committed. But it is. not necessary that the corroborating evidence should be such as to exclude every hypothesis except that of guilt. (*People* v. *Ogle*, 104 N. Y. 511–515; *People* v. *Elliott*, 106 id. 288–292.)

There are inferences, however, to be drawn from the evidence

which bear upon the question of consent.  If she had consented, she would probably not have been looking down-hearted, wiping her eyes, and presenting the appearance of crying, after she had arrived at the defendant's house; neither would she, in all human probability, have told her mother that she had been assaulted, if she had consented; such a statement is conceivable, if the fact had been discovered and she was trying to justify her conduct to her parents; and it is for the reason that it is presumed that a female will not falsely testify to her own disgrace, that her statements made recently after the alleged commission of the offense are received in evidence and are held to be corroborative.

In addition, it may be said that to require corroboration as to whether a female consents or not, would be exacting something which in most cases would be impossible of fulfillment; it is a crime which is not committed in the presence or hearing of people, so that they can either see or hear the struggle of the victim; her condition afterwards, it is true, may show the effects of her struggle, but she may resist and still not be able to show bruises or wounds in corroboration of her statement.

She need not be corroborated on every material fact, "nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence." (People v. Elliott, 106 N. Y. 288–292.)

It seems to me that the facts above recited, all of which are testified to by witnesses other than the prosecutrix, constitute sufficient corroboration to warrant a submission of the case to the jury.

Opportunity for the commission of the crime is a material fact; that is found; the recent laceration or rupture of the hymen is a material fact, and there is testimony as to that, and these alone, it seems to me, are sufficient to bring the case within the Code.

On the second question, as to whether there was any corroborative evidence tending to show that the defendant was the person who committed the assault, we have these facts: That the defendant asked her grandfather to permit her to go with him to his house on the night in question; that they left the house together; that the defendant was seen that evening about a mile from the woods where it is claimed the assault was committed, and on the road leading to his house; a witness testifies that the woman who was riding with him " was sitting half way out of the wagon, and seemed ready

to jump," so that we have testimony independent of that of the prosecutrix, to the effect that on the night the assault was alleged to have been committed, the defendant was in her company, so that he had the opportunity at least to commit the offense charged. I think that that is corroborative evidence tending to connect him with the commission of the crime, and it is material evidence.

In 'the case of *Lindsay* v. *People* (63 N. Y. 143–157) the accomplice had testified that the prisoner and himself removed the body of the murdered man at night from the place where it had been concealed during the day. The wife of the accomplice testified that her husband was absent from his house until a late hour that night, and the court held that her testimony corroborated the accomplice in a material fact; " it was a fact so material to the whole story told by the witness, that had it been proved that he was in the house during the hours mentioned his whole story would have fallen to the ground and been proved false."

The evidence that the defendant was with the prosecutrix on the evening in question was very material, and applying to it the test of materiality suggested in the case of *Lindsay* v. *People*, if it had been proved that on the evening in question he was at home, or far distant from the place of the alleged assault, so that it would have been impossible for him to have committed it, the whole story of the prosecutrix would be discredited and her case destroyed.

I think, therefore, there was evidence corroborating the prosecutrix not only as to the fact that she had been assaulted, but also corroborative evidence tending to prove that the defendant was the person who committed that assault, and that, therefore, the judgment of conviction should be affirmed.

PUTNAM, J., concurred.

MAYHAM, P. J. (dissenting.) :

An appeal from an order denying a motion for a new trial on newly discovered evidence, having been dismissed and the order affirmed, we are brought to the consideration of the appeal from the judgment of conviction in this case.

The appellant insists that the evidence fails to establish the commission of the offense charged, because the circumstances attending the transaction, as sworn to by the prosecutrix, establish her con-

sent, and that there is no corroboration of a forcible ravishing against her will, as sworn to by her. Section 283 of the Penal Code prescribes in definite and concise language the rule of law upon that subject as follows : " No conviction can be had for abduction, compulsory marriage, rape or defilement upon the testimony of the female abducted, compelled or defiled, unsupported by other evidence."

The question raised upon the first point is as to the sufficiency of the evidence in corroboration of the offense charged, in support of the testimony of the prosecutrix.

The principal evidence of the offense is the testimony of the prosecutrix. She was in her seventeenth year at the time of the alleged offense. From her evidence it appears that on the evening of the alleged assault she started, at the solicitation of the defendant, to ride with him in a two-wheeled vehicle from the house of her grandfather, where she was living, to the residence of defendant, a distance of about three miles. That passing along the highway he turned therefrom into a wood road leading into the woods, and drove eighty-seven paces, and then told the prosecutrix to get out, and she did. Defendant did not inform her what he wanted her to get out for, except to turn around.

She testified that he assisted her to get out of the cart, and that after she got out he choked her, threw her down, and that against all the resistance she was able to make he ravished her against her will.

This was clearly proof enough if corroborated as required by the provisions of the Code to constitute the offense charged. If her story is to be believed, she used all the physical power she possessed, and her voice to cry out, in the defense of her chastity.

But, as we have seen, her evidence alone, unless corroborated by evidence bearing upon the crime itself, is not sufficient to convict.

The learned district attorney insists that such evidence is found in her appearance and conduct at defendant's after she arrived there that evening.

Mrs. Upright, who was at the defendant's when the prosecutrix came there, swears that the latter's " hair was ruffled, and she took down her front hair and rolled it up, and she took off her shoes and shook the dirt out of them ; that she looked very down-hearted and didn't have anything at all to say, and she kept wiping her eyes occasionally, and I thought she was crying. She didn't say any-

thing much to me only when I talked to her." The evidence shows that she stayed there all night and that she and this witness sat up with a sick lady.

It is also insisted that her statement to her father and mother about nine days after this occurrence is a corroboration, as is the wagon track leading into the wood road, which was discovered some days after the occurrence; the finding of a button which she swears resembles the one she claims defendant tore off her drawers at the place at which she claims the offense was committed, and the testimony of the physician who examined her person about eighteen days after the alleged occurrence, that he found the parts in a healthy condition, not inflamed, no hymen present, and red about the remains of the hymen, tending to show that its rupture was recent, but by no means fixing the time of the same.

In a case of this character it is not enough to show adulterous intercourse between the prosecutrix and the accused.

The gravamen of the crime is the forcible ravishing by the defendant against the will and without the consent, expressed or implied, of the prosecutrix; and however reprehensible voluntary intercourse between a married man and this prosecutrix is, and however deserving of condemnation and execration he may be for planning and creating the opportunity for this act, unless it was committed against the will of the prosecutrix, by overcoming by force and fear, all the physical and mental power of resistance by the prosecutrix, then the crime for which he was convicted is not established; and the burden of proving this rests with the People, for where the act complained of is capable of two constructions or interpretations, one criminal and the other not, the law will presume the latter until the former is proved.

We have said that the facts sworn to by the prosecutrix as to the actual commission of this crime, if corroborated by evidence, either direct or circumstantial, so as to establish their truth, are sufficient to convict.

But are not all of the circumstances relied upon by the prosecutrix as corroborations consistent with the innocence of the defendant of the crime of rape?

Assuming that the tracks of the wagon leading into the wood road and returning corroborate the fact that he drove into the woods,

that fact in itself is just as consistent with the idea of illicit inter-
course with the consent of the prosecutrix as with the motive and
design on the part of the defendant to commit a felony, by forcibly
ravishing the prosecutrix, and more so when we take into account
the fact that he was in near proximity to a traveled public highway,.
and was within easy hearing distance of it.   By her own testimony
she consented by her failing to object to his driving into this
wood road, although she swears that she knew he was driving into
the thicket, in a byroad and a secluded place, and on her arrival at the
point where she alleges this offense was committed she voluntarily,
on his invitation, got out of the carriage.   The People claim that
the finding of the button supposed to have been torn or ripped off
from her drawers, is evidence in corroboration of the statement that
she was out of the carriage and on the ground, but that circumstance
would seem slight evidence of force, and in no way inconsistent
with a mutual effort to remove the obstruction which that garment
furnished to a voluntary connection.   The cloth does not appear to
have been torn in removing the button.

The button-hole was not torn out, but there was a tear in the
drawers a short finger's length.   Prosecutrix, after the alleged occur-
rence, as she swears, replaced the drawers on her person, placing a
pin in the place of the button, and wore them to defendant's that
night and for some days thereafter in the same condition, and it is
to be observed that the identity of and injuries to these drawers
rest solely on the uncorroborated evidence of the prosecutrix.

I do not see how under such circumstances the condition of that
garment is a corroboration of the criminal charge against the
defendant.   If they had been exhibited to some other person and
their condition examined before they were removed from the prose-
cutrix, any rents or marks of violence or force on them might fur-
nish some evidence in corroboration; but I find no evidence that
any person saw them until they were presented in court.   Again,
her appearance at the defendant's that night, as described by Mrs.
Upright, is urged as a corroboration.   " Her hair was ruffled up, and
she took down her front hair and rolled it up, and she took off her
shoes and shook the dirt out of them."   But it will be observed that the
prosecutrix does not, in her testimony, make any claim that the dis-
ordered condition of her hair, or the dirt in her shoes, was the result

of the alleged assault of the defendant, or of their encounter in the woods, so that this testimony furnishes no corroboration of the evidence of the prosecutrix upon that point, and her down-hearted appearance, and occasional wiping of her eyes, sworn to by this witness, might have been from a sense of injury inflicted against her will, or a consciousness of her own voluntary acts of impropriety. No reason was given by her at that time for her appearance or conduct, nor does she speak of it in her testimony. Under such unexplained circumstances this testimony furnishes no corroboration of the prosecutrix's charge of rape.

It is also claimed by the learned district attorney that the statement of the prosecutrix to her father and mother of this offense, several days after the alleged occurrence, is a corroboration. If this evidence was competent, which we doubt, still after such a lapse of time after the happening of the alleged event, we think it falls far short of a corroboration of the prosecutrix's testimony as to the commission of this crime.

The theory upon which the declarations of the injured party are received as evidence is that they were made so nearly contemporaneously with the injury that the person making them is deemed to be smarting under the immediate consequences of the wrong and has not had time to manufacture a story, but acts solely upon impressions and impulses born of the injury.

It can hardly be successfully maintained that declarations of the party, charging the injury, seven days after it occurred, and not made *in extremis*, can be treated as evidence in corroboration of the evidence of the prosecutrix of the principal offense. The only remaining evidence to be considered upon this point is that of the doctor. He made an examination of the complainant the ninth or tenth or sixteenth of October after the alleged occurrence. He formed an opinion from that examination and an examination made by him on the twentieth of October that the hymen had been ruptured recently, and while he cannot state the exact time he puts it positively within two months. Does this evidence amount to a corroboration that she was forcibly ravished on the 2d of October, 1892? We think not. The same conditions would have been present if she had submitted to voluntary intercourse. There was no

inflammation of the parts, and no evidence of excessive violence disclosed by his examination.

On the whole evidence on the part of the prosecution we find nothing that corroborates the testimony of the prosecutrix that she was forcibly ravished at the time alleged.

Such evidence was indispensable, as we have seen, from the provisions of the Code, to a conviction of the defendant in this case. Upon this point we have not considered the evidence offered by the defense in opposition to this charge, for the reason that if a *prima facie* case had been made out by the prosecution the conflict raised by the evidence of the defense would have presented a question of fact which would be solely for the jury, with whose verdict, on such conflict, this court would not interfere on appeal.

In *The People* v. *Plath* (100 N. Y. 592) the Court of Appeals laid down the rule which must govern in the construction of section 283 of the Penal Code. In that case RUGER, Ch. J., says : "In cases where corroboration is required there has been some diversity of opinion in the authorities as to the particular facts which should be corroborated, and the extent of the corroboration needed in order to comply with the rule; but it is now conceded to be the general rule that it should tend to show the material facts necessary to establish the commission of a crime and the identity of the person committing it."

Tested by this rule, we fail to see that the prosecutrix is corroborated by any evidence tending to prove that she was forcibly ravished by the defendant.

Without that evidence, standing upon her testimony alone, however positive the same may be, the law does not allow a conviction of either of the grave and heinous offenses mentioned in section 283 of the Penal Code.

If we are right in our conclusion, this conviction, for the reason above stated, must be reversed, and no examination of the other exceptions taken by the appellant need be considered.

The conviction must be reversed and a new trial ordered before the Ulster County Sessions under the provisions of section 527 of the Code of Criminal Procedure.

Judgment of conviction affirmed.