(81 Misc. Rep. 606.)

### PEOPLE v. EVANS.

(Supreme Court, Special Term, Erie County. July, 1913.)

1. INDICTMENT AND INFORMATION (§ 10*)—SUFFICIENCY OF EVIDENCE TO SUPPORT INDICTMENT.

    Under the express terms of Code Cr. Proc. § 256, the grand jury can receive only legal evidence, and under section 258 it ought to find an indictment only where, in their judgment, the evidence is such, if unexplained and uncontradicted, as would warrant a conviction.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 50–61; Dec. Dig. § 10.*]

2. CRIMINAL LAW (§§ 510, 511*)—TESTIMONY OF ACCOMPLICE—CORROBORATION.

    Under Code Cr. Proc. § 399, a conviction cannot be had upon the uncorroborated testimony of an accomplice, and evidence to be corroborative must be such that it of itself leads to inference that a crime was committed and that the accused was implicated in it.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1124–1126, 1128–1137; Dec. Dig. §§ 510, 511.*]

---

**3. CRIMINAL LAW (§ 511\*)—TESTIMONY OF ACCOMPLICE—SUFFICIENCY OR COR-ROBORATIVE EVIDENCE.**

Where the evidence, aside from that of an accomplice, merely showed that defendant, an attorney, who was accused of grand larceny, deposited $460 in the bank the day following the alleged larceny, there being nothing in that sum to direct suspicion, it was insufficient corroboration, considering the presumption of innocence, to support the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1128–1137; Dec. Dig. § 511.\*]

**4. INDICTMENT AND INFORMATION (§ 144\*)—MOTION TO DISMISS INDICTMENT—INSUFFICIENCY OF EVIDENCE.**

Notwithstanding Code Cr. Proc. § 313, limiting the causes for setting aside an indictment to certain cases of failure to comply with the statutes, the person indicted has a constitutional right to move its dismissal, if the legal evidence received by the grand jury was insufficient to support the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 488; Dec. Dig. § 144.\*]

William J. Evans was indicted for grand larceny. Motion to dismiss indictment sustained.

William J. Evans, of Buffalo (Henry W. Killeen, of Buffalo, of counsel), for the motion.

Wesley C. Dudley, Dist. Atty., and Guy B. Moore, Asst. Dist. Atty., both of Buffalo, opposed.

POOLEY, J. The defendant is indicted for grand larceny, and a motion is now made for an inspection of the minutes of the grand jury which found the indictment, and for a dismissal of the indictment, on the ground that the evidence before the grand jury was insufficient, in that it consisted of testimony of one Savage, who had previously been convicted of the crime charged, and that there was no corroboration of his testimony.

The crime charged was the stealing of $2,690 from the town of West Seneca, and was effected by preparing a false claim by the contractor, the certifying as to its correctness by the engineer, and the issuing of a warrant by the chairman of the town board, drawn upon the account of the town in the Union Stockyards Bank. This warrant was presented by the engineer and cashed at the Third National Bank, and in due course came to the Union Stockyards Bank and was charged to the account of the town. The money thus obtained is alleged to have been divided among the members of the board, the engineer, this defendant, and another.

The contractor was indicted, tried and convicted, as well also the engineer and the chairman of the board. These were the ones who executed the false warrant and procured the money from the bank. After conviction, the contractor appeared before the grand jury and gave evidence of the above facts, and also that the money when received by the engineer was taken by him to the office of the defendant, the attorney for the contractor, who divided it, giving the engineer $250.

Savage then testified before the grand jury as follows, reduced to narrative form:

"O'Connor came in about that time, and defendant handed O'Connor some money, package of money, and he gave me a package and told me to meet Lein at Kane & Beasley's saloon on Washington street. I went there with the package of money. I found Lein upstairs with Cosgrove, the town clerk. I handed Lein this package of money. He took it, and I believe he handed Cosgrove a package of it. Lein left the room with Cosgrove, and when he came back he handed the package to Cosgrove. I did not see what was in the package."

It appears by tellers of the banks that the warrant was cashed at the Third National Bank, April 10, 1908, and charged to the account of the town in the Union Stockyards Bank. It further appears by a teller of the Erie County Savings Bank that William J. Evans had an account there, and on April 11, 1908, deposited $460. It does not appear that the Erie County Savings Bank account is the account of this defendant, although the name is the same.

I have the grand jury minutes before me, and this evidence from the banks is the only evidence aside from that of Savage, before the grand jury, and is the only evidence that can be claimed to be corroborative of Savage's testimony, and it is urged by the defendant that it in no way connects him with the crime.

[1, 2] The statutes of the state are quite specific. The grand jury can receive none but legal evidence. Code of Criminal Procedure, § 256. The grand jury ought to find an indictment, when all the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury. Id. § 258. A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime. Id. § 399.

[3] The question then is: Does the testimony before the grand jury, other than that of Savage, corroborate the latter's testimony? It is apparent that the testimony of the three witnesses from the banks does not indicate the commission of any crime whatever. The warrant was regular on its face, and was properly cashed and charged to the account of the town. The only fact bearing any semblance of a connection of defendant with the crime is that on the day following the cashing of the warrant he deposited $460, in his account in the Erie County Savings Bank. This figure does not evenly divide the original $2,690, nor the $2,440, remaining after deducting the $250, alleged to have been paid to the engineer. Can it be said then that the mere fact that defendant made a deposit on this day was evidence that it was wholly or in part some of the stolen money? At most, it indicates that on the day in question he had $460, in money, which he deposited to his credit in the bank. There is nothing in the amount or in the size of it that need be said to be suspicious.

[4] In People v. Sexton, 187 N. Y. 495, 511, 80 N. E. 396, 402 (116 Am. St. Rep. 621) the Court of Appeals holds that:

"Whenever it clearly appears, therefore, the legal evidence received by a grand jury is insufficient to support an indictment, * * * the person in-

dicted has a constitutional right to make a motion to dismiss, notwithstanding the provisions of the Code to the contrary."

The provision of the Code referred to is section 313, which limits the cases in which the indictment must be set aside to those not found, indorsed, and presented as prescribed in sections 268 and 272; and when a person has been permitted to be present during the session of the grand jury except as provided in sections 262, 263, and 264, neither of which has any bearing here.

Every defendant charged with a crime is entitled to the presumption of innocence; and, starting with this presumption, legal evidence must be produced tending to connect the defendant with the crime. The essential probative force of the testimony against defendant narrows down to the fact that he deposited some money on the day after the false warrant was cashed. This is not inconsistent with a legitimate business transaction entirely foreign to the crime charged, and is in no way a rebuttal of the presumption of innocence.

In People v. Plath, 100 N. Y. 590, 3 N. E. 790, 53 Am. Rep. 236, the court quotes with approval from Roscoe's Criminal Evidence, 122, as follows:

"That there should be some fact deposed to, *independently altogether of the evidence of the accomplice*, which taken by itself leads to the inference not only that a crime has been committed but that the prisoner is implicated in it."

Following this rule, and taking all the evidence before the grand jury except that of Savage, the accomplice, it in no way indicates or tends to indicate that any crime has been committed, nor does it implicate that the defendant was implicated or had any part in the transaction to which the charge relates.

The indictment is dismissed.