The People of the State of New York, Respondent, *v.* James Meehan, True Name James Marino, Otherwise Known as James Raeffaele, Appellant.

First Department, February 10, 1939.

*Deane Ramey*, for the appellant.

*Charles C. Tillinghast, Jr.* [*Ezekiel G. Stoddard* with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

Martin, P. J. The defendant appeals from a judgment of the Court of General Sessions of the County of New York convicting him of the crime of robbery in the first degree. On this appeal it is argued in his behalf that the evidence of identification was insufficient to warrant a conviction. It is further contended that the court erred in admitting evidence of flight and in submitting that question to the jury.

The identification of the defendant by the complaining witness was definite and convincing. The witness had an exceptional opportunity to observe defendant while the robbery was being committed and under circumstances which so strongly impressed his features on her mind that she could not forget him. During the time entrance was being forced into her apartment and while she endeavored to restrain the men from entering, defendant's

face was about six to twelve inches from her face. In the foyer defendant struck her in the mouth with his fist, and later, while she was being bound by the defendant, he stood in front of her and his face was about level with hers, at which time, she testified, she was looking directly into his face. Immediately after the robbery the complaining witness fully described her assailant. At the police station she identified his picture, and in the special line-up at police headquarters she required only about fifteen seconds to pick defendant out of ten or twelve men in the line-up. The evidence of identification was exceptionally clear and convincing. In view of such testimony the alibi defense presented a clear cut issue for the jury.

In 1 Wharton on Criminal Evidence ([11th ed.] § 301) it is stated that any evidence that tends to prove that a suspected person in any manner endeavored to escape or evade by flight a threatened prosecution is admissible.

The detective's testimony of failure to find the defendant at his customary place of business over a period of about two weeks tended to prove concealment.

In *People* v. *Ogle* (104 N. Y. 511) it was held competent for the prosecution to prove the actions of officers in seeking to arrest the defendant. The Court of Appeals said: " The district attorney claimed it proved the prisoner had run away, and from that, among other things, he might ask the jury to infer guilt. If it did not prove flight, no harm was done. All that could be said was the people had tried to prove a fact and failed; but the evidence was so plainly admissible that no argument upon it is required."

The trial court left it to the jury to determine whether, in fact, there was flight, and if they concluded that there had been flight, it might be construed as tending to show guilt. (*People* v. *Fiorentino*, 197 N. Y. 560.) We find no prejudicial error justifying a retrial.

The judgment should be affirmed.

GLENNON and DORE, JJ., concur; UNTERMYER and CALLAHAN, JJ., dissent and vote to reverse and grant a new trial on the ground that there was no evidence of flight warranting the submission of that question to the jury, and in view of the fact that the defendant's guilt rests upon identification by a single witness and that a previous jury had disagreed, it cannot be said that the error was not material.

Judgment affirmed.