# Commonwealth *v.* Martin, Appellant.

*Liquor laws—Selling liquor without a license—Principal and agent.*

1. On the trial of an indictment for selling liquor without a license, where the defendant claims that he was merely the agent of a foreign brewing company to solicit orders, and that he had nothing to do with receiving the beer or delivering it to customers, the court commits no error in refusing to admit evidence that another person received the beer and delivered it to consumers, and this is especially so where it appears that such deliveries were made long after the transaction complained of in the indictment.

*Practice, Q. S.—Trial—Improper language of district attorney— Liquor laws.*

2. Where a verdict of guilty has been set aside after a trial for selling liquor without a license and a new trial ordered, the court at the new trial commits a reversible error if it refuses to withdraw a juror and continue the case because the district attorney stated to the jury that the defendant had been told at the previous trial "by a jury of his fellowmen that his business was iniquitous, that his actions were illegal." In such a case the error is not cured by the trial judge caution-

ing the jury not to be guided by any reference made by counsel to the fact that there had been a former trial.

Argued April 17, 1911. Appeal, No. 3, March T., 1911, by defendant, from judgment of Q. S. Mifflin Co., Jan. T., 1910, No. 3, on verdict of guilty in case of Commonwealth v. J. A. Martin. Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ. Reversed.

Indictment for selling liquor without a license. Before WOODS, P. J.

The opinion of the Superior Court states the facts. ·

Verdict of guilty upon which the prisoner was sentenced to pay a fine of $500 and undergo imprisonment in the county prison for three months.

*Errors assigned* were various rulings and instructions.

*F. W. Culbertson*, of *Culbertson & Culbertson*, with him *McLaughlin*, for appellant.

No printed brief for appellee.

OPINION BY HEAD, J., July 13, 1911:

The defendant was indicted and convicted for making a sale or sales of liquor without the requisite license authorizing him to engage in that traffic. Any extended discussion of the first eight assignments of error, separately or together, would develop no new principle of law or rule of evidence or any novel application to unusual conditions of those so familiar to the profession. The defendant lived in Mifflin county and undertook to prove, by way of defense to the charge, that he was merely a soliciting agent of the Hagerstown Brewing Company, a corporation having its plant in the state of Maryland. He alleged that he was employed simply to solicit orders, forward them to the brewery and collect the money therefor, for all of which services he was paid regularly by his employer. He asserted that when the beer arrived by rail at Lewistown it was not consigned to him nor in his care, and that he had nothing to do with the possession, control or delivery of it after it arrived in the county. In the course

of the trial, one Weik, a witness called by the defendant, testified that he also was an agent of the brewery referred to and paid by it for his services; that it was his duty to know when the beer arrived and to see that it was actually delivered in good order to the various customers of the brewery whose orders had been taken by the defendant. In the course of his testimony he stated that the beer shipped on these orders was consigned to him. In rebuttal the court permitted the railroad agent, who had refreshed his recollection by an examination of the records kept in his office, to testify that in some instances, the shipment was consigned to the Hagerstown brewery itself, and at other times in care of Weik. It not having been claimed by the commonwealth or testified to by any witness that the shipment was in any instance consigned to the defendant, it is difficult to see why the inquiry was not largely a collateral one or how the defendant could be substantially interested in the question whether the beer was consigned to the brewery itself, the principal, or to its admitted agent Weik. It was not a case, therefore, where the objection that the records themselves, kept in the railroad office, were the only admissible evidence. Again, the same witness Weik produced at the trial a shipping list which had accompanied a shipment made long after the transaction complained of in the indictment. At the same time he produced a check in payment of his services in connection with the delivery of that shipment. Both were offered in evidence by the defendant, and, on the objection of the commonwealth, both were rejected as having no relevancy to the inquiry then before the court. Still further it is urged in two of the assignments referred to that the learned trial court in his charge misconstrued certain evidence that had been delivered on the witness stand, particularly that of Mrs. Crawford. No attempt was made at the conclusion of the charge to call the attention of the court to the alleged error or to have it then corrected. But apart from this a reading of the testimony referred to furnishes satisfactory evidence that there

was no substantial misstatement or misconstruction of it by the learned trial judge. Without more then it is enough to say that after an attentive examination of all these assignments we are all of the opinion that they disclose no substantial error on the part of the trial judge.

It appears from the docket entries in the case that there had been a previous trial of the same defendant on the same charge and that as a result of that trial the jury found the defendant guilty but recommended him to the mercy of the court. For reasons not disclosed by the record, and with which we now have no concern, the learned court below set aside that verdict and ordered a new trial with the result of which we are now dealing. In the closing argument for the commonwealth the learned district attorney, or counsel permitted to represent him, made the following statement to the jury: "He (the defendant) was told last January by a jury of his fellowmen that his business was iniquitous; that his actions were illegal." In no aspect of the case could it have been proper or permissible for the district attorney to bring to the attention of the jury a conclusion which, it had been judicially determined, resulted from a mistrial. But in the light of the verdict actually rendered the statement made was a most unwarranted abuse of the rights of the district attorney in summing up for the commonwealth, and it is not easy to see how it could have been otherwise than highly prejudicial to the defendant. The counsel for the latter immediately had the remarks reduced to writing and moved for the withdrawal of a juror. This motion the learned trial court denied. It is true he afterwards, in his charge, cautioned the jury not to be guided nor influenced by any reference made by counsel to the fact that there was a formal trial. This we do not think was at all adequate to correct the mischief done. Where the liberty of a citizen is at stake as the result of a trial in the criminal court the proceeding should be conducted with at least as much regard for his rights as our courts have repeatedly said must be observed in the trial of civil

cases involving only questions of property. We need only cite the recent cases of Holden v. Penna. R. R. Co., 169 Pa. 1; Saxton v. Pittsburg Rys. Co., 219 Pa. 492; Freeman v. Traction Co., 36 Pa. Superior Ct. 166; Brown v. Electric Street Ry. Co., 43 Pa. Superior Ct. 61. The ninth assignment of error must be sustained.

Judgment reversed and a venire facias de novo awarded.