## Commonwealth *v.* Moon, Appellant.

*Criminal law—Murder—Evidence—Threats—Malice.*

On the trial of an indictment for murder, it is not error to admit evidence that defendant employed as a miner by the deceased, and on a strike, threatened shortly before the killing to "fix the clock" of the deceased, and made threats against the deceased and other men who were working in the mine. Such evidence is proper to show malice, hatred and ill will on the part of the defendant towards his victim.

Argued Feb. 3, 1919. Appeal, No. 4, Oct. T., 1919, by defendant, from judgment of O. & T. Somerset Co., Sept. T., 1918, No. 6, on verdict of guilty of murder of the first degree in case of Commonwealth v. Bertie Franklin Moon. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ. Affirmed.

Indictment for murder. Before RUPPEL, P. J.

At the trial the evidence of the Commonwealth tended to show that on August 13, 1918, the prisoner who was employed by Ernest W. Saylor, as a miner, deliberately shot his employer with a shot gun. The prisoner was on a strike at the time.

When Grant Lytle, a witness for the Commonwealth, was on the stand the following offer was made:

The Commonwealth proposes to prove by the witness on the stand that when the defendant was riding with him on the morning of the day of the shooting in the direction of his boarding house, he stated to the witness, after talking of the trouble, that he was going out to the mine to fix Saylor's clock; said threat having been made about eight o'clock in the morning and the shooting later occurred about 9:30 o'clock the same morning.

Objected to. Objection overruled and exception (1).

When Hazel Younkin, witness for the Commonwealth, was on the stand, the following offer was made:

The Commonwealth proposes to prove with the witness on the stand that the defendant on the morning of the shooting had come over to the house of George Hyatt, who had gone to work in the mine of Ernest W. Saylor, after the defendant and the other men had refused to work any longer; that he then and there called the said George Hyatt scab and other names; this to be followed by proof that the defendant then came to the home of the witness and there repeated said conversation, calling the men scabs and made threats against the deceased and other men who were in the mine that day; this is offered for the purpose of establishing the defendant's motive for committing the crime and also for showing of malice, hatred and ill will against the deceased.

By Mr. King: This is objected to because the offer does not propose to show that the remarks were made to or in the hearing of the deceased, or in any way related to him, but were in regard to other parties; and as to the threats, the offer does not propose to show what the threats are, and without stating what the threats are specifically, they could not be evidence to be used against him and the evidence is therefore immaterial and inadmissible.

Objection overruled; exception (2).

Verdict of guilty of murder of the first degree on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence as above and (3-8) various portions of charge and answers to points, quoting them.

*Alexander King*, for appellant.

*Virgil R. Saylor*, District Attorney, *Charles F. Uhl* and *Norman T. Boose*, for appellee, filed a printed brief but made no oral argument.

PER CURIAM, February 24, 1919:

The first and second assignments complain of the admission of testimony. It was offered and properly received to show malice, hatred and ill will on the part of the prisoner toward the victim of his wrath. The remaining assignments, complaining of portions of the charge and answers to points, are utterly without merit, and it remains only to say that the judgment is affirmed, with direction that the record be remitted for the purpose of execution.