# Commonwealth v. Jones, Appellant.

*Criminal law—Murder—Charge—Opportunity to correct misstatements—Appeal—Review.*

1. Where no complaint is made of any erroneous instructions as to controlling legal principles in a charge in a murder trial, a conviction will not be reversed because of an allegation that facts were misstated or not referred to, when full opportunity was given to secure necessary corrections before the jury retired.

*Criminal law—Murder—Malice—Evidence—Threats — Remoteness of time.*

2. Where, on a trial for wife murder, the proof shows a course of illtreatment by the prisoner of his wife covering years, with actual assaults, the last about nine months before the killing, and threats within two weeks of that time, the mere fact that the acts described covered a long period does not make the testimony objectionable.

3. The length of time intervening is a circumstance to be considered by the jury in determining whether or not there was connection between the threats and the homicidal act, but it does not affect the relevancy of the testimony although it may impair the probative force.

*Criminal law—Murder—Sentence—Act of June 19, 1913, P. L. 528.*

4. Where the sentence in a murder case does not embrace all of the requirements of the Act of June 19, 1913, P. L. 528, the record will be referred back to the court below for the entry of a proper sentence, which should be in the form suggested in Com. v. Davis, 266 Pa. 245.

Argued February 21, 1921. Appeal, No. 390, Jan. T., 1921, by defendant, from judgment of O. & T. Lackawanna Co., Oct. T., 1920, No. 14, on verdict of guilty of murder of the first degree, in case of Com. v. David

590    COMMONWEALTH *v.* JONES, Appellant.

Jones. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.. Record remitted for resentence.

Indictment for murder.
The opinion of the Supreme Court states the facts.
Verdict of guilty of murder of the first degree on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were (1-3) various rulings quoting the bill of exceptions; (4) the charge as a whole, quoting it, and (5) the sentence, quoting it.

*Wm. B. Landis,* for appellant, cited as to the charge: Goersen v. Com., 99 Pa. 388; Com. v. Goldberg, 4 Pa. Superior Ct. 142.

*Harold A. Scragg,* District Attorney, with him *Frank P. Benjamin,* Ex-District Attorney, cited as to admissibility of evidence of threats against and assaults upon victim by defendant: Hopkins v. Com., 50 Pa. 9; Sayres v. Com., 88 Pa. 291.

OPINION BY MR. JUSTICE SADLER, March 7, 1921:
David Jones was indicted in Lackawanna County for the murder of his wife, to whom he had been married for more than twenty years. On May 13, 1920, Mrs. Jones was living apart from her husband, the fifth separation from him within nine months. She was, on the morning of that day, aiding her sister, who lived opposite her former home; and, being observed by her husband, he armed himself, crossed the street, and demanded that she return with him. A refusal following, he seized her by the throat, pulling her down the stairs from the second to the first floor. There, a neighbor, attracted by the noise, endeavored to interfere, but was thrown back by the defendant. With his grasp on his wife's neck, he pushed her through the door to a shanty about seven

feet distant, where he forced her against the building, pressed a gun to her abdomen and fired. The wife died within a few hours. He was tried and convicted of murder of the first degree.

Though not the subject of complaint in the first reasons for a new trial filed, it was subsequently insisted below, and is urged here, that the charge of the court was inaccurate and misleading. An examination of the record discloses no justification for such objection. The case was submitted to the jury in a most careful and impartial manner; the charge was accurate and comprehensive, and fully as favorable to the appellant as he could ask. We are unable to see any merit in the claim that facts were misstated or not referred to; but, had this been so, full opportunity was given to secure necessary corrections before the jury retired: Sikorski v. P. & R. R. Co., 260 Pa. 243; Mackowski v. P. R. T. Co., 265 Pa. 34. It is not contended that any erroneous instruction as to the controlling legal principles was given; such complaint could not be sustained if made. The fourth assignment of error is overruled.

The difficulties of the husband and wife, accompanied by physical assaults, were described to the jury to establish express malice; financial disputes were proven to indicate the motive; and threats to injure were detailed to show the intention in the mind of the defendant when the killing took place. To the admission of certain statements made by one witness, and to the refusal to strike her testimony from the record, three assignments are directed, which are without merit. The proof showed a course of illtreatment covering years, with actual assaults, the last about nine months before the killing; it disclosed threats within two weeks of that time. The mere fact that the acts described covered a long period did not make the testimony objectionable. It was submitted to the jury under instructions which fully safeguarded the rights of the defendant.

Proof of threats was properly received (Com. v. Moon, 264 Pa. 63; Com. v. Salyards, 158 Pa. 501; Com. v. Brown, 193 Pa. 507); as was that of previous quarrels (Sayres v. Com., 88 Pa. 291; Com. v. Crossmire, 156 Pa. 304); and declarations of personal hostility: Com. v. Minnich, 250 Pa. 363. The bad conduct having been continuous for years prior to the killing, the complaint of remoteness of some of the occurrences is not sustainable. The length of time intervening is a circumstance to be considered by the jury in determining whether or not there was connection between the threats and the homicidal act, but it does not affect the relevancy of the testimony. "The remoteness of threats may greatly impair their probative force, but as a rule it does not affect their admissibility in evidence": Com. v. Delfino, 259 Pa. 272, 277; 13 R. C. L. 925; 21 Cyc. 890, 921.

An examination of the record as a whole shows the killing was wilful, deliberate and premeditated. The defendant, after years of abuse, prepared himself by the purchase of a gun to carry out the deed which he had threatened. The act itself was committed under circumstances of unusual brutality. He was accorded a fair trial, and was properly convicted. There is not the slightest reason why the court should interfere with the imposition of the extreme penalty provided by law.

One matter does, however, require notice. The fifth assignment of error refers to the sentence passed by the court below. It does not embrace all of the requirements of the Act of June 19, 1913, P. L. 528. Had the judgment been properly pronounced, it would be affirmed, but, as it is lacking in part, the record must be referred back to the court below for the entry of a proper sentence, which should be in the form heretofore suggested by this court: Com. v. Davis, 266 Pa. 245, 250.

The record is remitted, with directions that defendant be resentenced in accordance with the Act of June 19, 1913, and, upon entry of such sentence, that it be carried into execution.