## Commonwealth *v.* Lyons,. Appellant.

*Criminal law—Murder—Attack on one, killing another—Evidence—Evidence of another crime—Cross-examination—Act of March 15, 1911, P. L. 20—Question by district attorney—Withdrawing juror—Appeals—Practice.*

1. Degree of guilt is not varied because mortal violence intended for one person accidentally kills another.

2. Where it appears that deceased was killed by defendant in a felonious attack on another, whatever evidence is competent if defendant had been on trial for the murder of the person attacked, is competent on the trial for the murder of the person killed; and this includes prior threats and assaults.

3. As a general rule, it is not sufficient to show that an improper question, either in form or substance was put to a witness; it must also appear that an answer was received which tended to injure the case of appellant.

4. A district attorney has no right to ask a question in violation of the Act of March 15, 1911, P. L. 20, prohibiting the cross-examination of a defendant as to an independent crime and he might do so in a manner requiring the withdrawal of a juror, but this is not such case.

5. A defendant is not prejudiced by a question referring to a fact of which his own counsel had already informed the jury.

6. Where defendant's testimony is given without objection or exception, and at the instance of defendant's counsel, its admission cannot be successfully assigned as error, whether or not it was proper cross-examination.

Argued April 13, 1925. Appeal, No. 295, Jan. T., 1925, by defendant, from judgment of O. & T. Phila. Co., Feb. T., 1924, No. 538, on verdict of guilty of murder of the first degree, in case of Commonwealth *v.* William Lyons. Before MOSCHZISKER, C. J., FRAZER, WALLING,

SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings, quoting record.

*Robert K. Wright* and *Thomas J. Minnick, Jr.,* for appellant.—It is reversible error for the district attorney to violate the Act of March 15, 1911, P. L. 20, which provides for the "regulation in criminal trials of cross-examination of a defendant when testifying in his own behalf": Com. v. Brown, 264 Pa. 85; Com. v. Pezzner, 78 Pa. Superior Ct. 286; Com. v. Vardelle, 70 Pa. Superior Ct. 241.

Evidence is not admissible in a criminal prosecution of the perpetration by defendant of a crime other than that for which he is on trial: Com. v. Vardelle, 70 Pa. Superior Ct. 241; Com. v. House, 223 Pa. 487; Snyder v. Com., 85 Pa. 519; Goersen v. Com., 99 Pa. 388; Swan v. Com., 104 Pa. 218; Com. v. Haines, 257 Pa. 289.

*Maurice J. Speiser,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, May 4, 1925:

This is an appeal by the defendant, William Lyons, from sentence on conviction of murder of the first degree. For a year or more prior to the homicide, Lyons kept a restaurant at 501 South Front Street, Philadelphia, and Lizzie Hawkins, herein referred to as his wife, resided with him. She had left him, however, and been living with a Mrs. Martin at 443 Lombard Street for about

ten days, when, on January 16, 1924, he came there and called for his wife, who declined to see him for fear of personal violence. Lyons left, but soon returned, entered the room where she and others were, and, after a brief conversation, drew a large revolver and fired at his wife, wounding her arm. He then fired three more shots, killing Rex Humphrey, the deceased, who was in the same room. The defendant gave conflicting accounts as to the shooting. In a signed statement he said he fired four shots at his wife and that the shooting of Humphrey was an accident; when first arrested, he claimed he shot deceased because the latter had taken his (defendant's) wife; while, as a witness at the trial, he testified he only shot to frighten his wife, and then, because of a blow on the head and intoxication, became unconscious and knew nothing about the shooting of Humphrey.

The defendant's felonious assault upon his wife and murder of Humphrey were so interwoven as to be a double crime, and, on the theory that the fatal shots were intended for the wife, the guilt would be the same as though her life had been taken. In other words, the degree of guilt is not varied because mortal violence intended for one person accidentally kills another: Com. v. Johnson, 219 Pa. 174; Com. v. Eisenhower, 181 Pa. 470; Com. v. Breyessee, 160 Pa. 451, 456; Wharton's Criminal Law (11th ed.) vol. 1, sec. 441; 21 Cyc. p. 712. Therefore, whatever would have been competent had defendant been on trial for the felonious assault upon his wife, was competent on his trial for the murder of Humphrey, including prior threats or assaults: Com. v. Jones, 269 Pa. 589; and see Com. v. Morrison, 266 Pa. 223, 228; Sayres v. Com., 88 Pa. 291. So, the prior assault upon the wife was a relevant fact in the case and not a collateral matter. This did not necessarily render it proper cross-examination of the defendant, in view of the statute hereinafter quoted.

Defendant testified in chief as to his wife having left him, and, on cross-examination, the district attorney asked him if that was not after he had been arrested for assaulting her. Defendant denied the assault but admitted the arrest. Then defendant's counsel interposed an objection to this line of cross-examination and asked that because thereof a juror be withdrawn and case continued. The trial judge sustained the objection but declined to withdraw a juror. Thereupon the district attorney attempted to withdraw the question, but the opposing counsel objected, and, in answer, defendant said he was arrested, but discharged the next morning when his wife declined to prosecute. As the latter testimony was given without objection or exception, and at the instance of defendant's counsel, its admission cannot be successfully assigned as error, whether or not it was proper cross-examination. True, the Act of March 15, 1911, P. L. 20, provides, inter alia, that, "Any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged." We do not agree with appellant's contention, however, that the fact of the district attorney's asking the defendant as to his arrest for an assault upon his wife, to which we have referred,—assuming that, because of the statute, it was improper,— necessitated the withdrawal of a juror and continuance of the case. "It is not sufficient, as a general rule, to show that an improper question, either in form or substance, has been put to a witness; it must appear that an answer was received which tended to injure the case of the appellant: Com. v. Craig, 19 Pa. Superior Ct. 81, 96, opinion of President Judge RICE. And see Scott v Baker, 37 Pa. 330"; Com. v. Varano, 258 Pa. 442, 447. A district attorney has no right to ask a question in violation of that statute (Com. v. Brown, 264 Pa. 85;

Com. v. Pezzner, 78 Pa. Superior Ct. 286) and he might do so in a manner requiring the withdrawal of a juror, but this is not such a case. Here the question asked did the defendant no possible harm, for his own counsel, in opening for the defense, told the jury that defendant's wife had caused his arrest for an assault and battery, the very matter to which the inquiry complained of related. A defendant is not prejudiced by a question referring to a fact of which his own counsel had already informed the jury. See People v. Ogle, 104 N. Y. 511, 11 N. E. 53.

Here all the elements of a first degree murder were present and the trial was free from error.

The judgment is affirmed and the record remitted for the purpose of execution.