## Commonwealth v. Dunkel.

*Criminal law—Practice, Q. S.—New trial.*

1. The court will grant a new trial in a criminal case of its own accord if an error has been made, and this is so, even though the time for filing reasons for a new trial has expired.

*Criminal law—Examination of defendant—Improper question—Question as to another and independent crime—Act of March 15, 1911.*

2. It is not sufficient, as a general rule, to show that an improper question, either in form or substance, has been put to a witness; it must appear that an answer was received which tended to injure the cause of the defendant.

3. Inquiry of the defendant, if he had "bought up witnesses or tried to," does not necessarily relate to the commission of crime.

4. Such an inquiry is not in violation of the Act of March 15, 1911, P. L. 20, which prohibits any question tending to show that defendant had committed any other offence.

5. If the district attorney, after such inquiry, immediately says, in the presence of the jury, that it was not his purpose to indicate that money had been used by defendant to induce false swearing, the court will not grant a new trial because of such question.

6. It is the duty of the district attorney to develop facts, and he has the right to draw any inference from the testimony, provided they are germane to the issue being tried.

7. Where it is claimed that the district attorney made improper remarks, it is incumbent upon the defence either to call the court's attention to them at the time and request that they be placed upon the notes of trial or to bring them before the court by affidavits. The bare assertion in a motion that the district attorney had made these remarks, when the court did not recall them, is insufficient to support an objection to them.

Motion for new trial. Q. S. Blair Co., June Sess., 1925, No. 58.

*Marion D. Patterson,* District Attorney, for Commonwealth.

*J. F. Sullivan, R. A. Henderson* and *J. Lee Plummer,* for defendant.

BALDRIGE, P. J., Aug. 8, 1925.—The defendant was convicted on June 17, 1925, of operating a motor-vehicle upon the public highway while under the influence of intoxicating liquor. On June 22nd an order was made to transcribe the testimony and the time for filing a motion and reasons for a new trial was extended until four days after the testimony and the charge of the court had been transcribed and filed. On June 29th the testimony and charge of the court were filed, and on July 20th reasons assigned to support the motion for a new trial were filed.

It is contended upon the part of the Commonwealth that the reasons for a new trial were filed too late and should not be given consideration. Our rulings regulating the time for filing motions for new trials, etc., are to promote a prompt and orderly administration of justice, but a court has the inherent and indisputable right of its own motion to grant a new trial if an error has been made. If a motion for a new trial has merit, there is no reason why a court should not order a new trial instead of waiting until the same result has been reached by a reversal by an appellate court. We will, therefore, consider the motion as though it had been filed within the specified time to determine whether it is well founded.

The only reasons assigned for a new trial are: (a) That a question was asked the defendant by the district attorney respecting his influencing by money one or more of the witnesses; and (b) a statement the district attorney is alleged to have made in his closing argument.

Commonwealth v. Dunkel.

In considering the first reason, it is necessary to quote the testimony immediately preceding the offending question, which is as follows: "Q. On Monday following this wreck you interviewed this man Paul whom you had jammed into? A. Yes. Q. And you paid him some money? A. No, sir. Q. Didn't you pay him some money? A. He wanted to settle with me. I told him I would. Q. You hunted him up? A. No. He came to my house. Q. How much did you pay him? A. $300. Q. What became of this girl? A. I don't know. Q. Didn't you buy this man a new car? A. No. Q. Did you agree to pay any damage to this car and $300? A. I said I would see that his car was fixed up. Q. So this whole accident was your fault? A. No. Q. And you had this Paul, whom you had run into, interview these witnesses and try to get this case stopped? A. No. Q. And you had the alderman hold this case till the last day? A. My attorneys did. Q. At your instance? A. No. Q. You took it upon yourself to stop this before it got to the court? A. Yes. I wanted it stopped so there wouldn't be any publicity. Q. You bought up the witnesses or tried to?"

Counsel for defendant object to the remark of the district attorney, as it is prejudicial, and move the court to withdraw a juror and continue the case, "for the reason that it was made in the presence of the jury and the court."

After a careful review of this testimony, as well as that given by Paul, who was operating the other car in the collision, we are not prepared to say that this cross-examination was unwarranted.

The alleged offence of the district attorney was not a "remark" or an independent statement or an expression of opinion entertained by him, as argued by the defence, as in the cases of Com. v. Swartz, 37 Pa. Superior Ct. 507, and Com. v. Martin, 47 Pa. Superior Ct. 346, but an interrogatory directed to the defendant, to which no answer was made.

"It is not sufficient, as a general rule, to show that an improper question, either in form or substance, has been put to a witness; it must appear that an answer was received which tended to injure the cause of the appellant:" Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Lyons, 283 Pa. 327; Scott v. Baker, 37 Pa. 330.

An exception to this general rule is that the district attorney has no right to ask a question in violation of the Act of March 15, 1911, P. L. 20, which provides that any person charged with any crime and called as a witness in his own behalf shall not be asked any question tending to show that he had committed or had been charged with or convicted of any other offence: Com. v. Brown, 264 Pa. 85.

Inquiry of the defendant if he had "bought up witnesses or tried to" did not necessarily relate to the commission of a crime. If the district attorney had asked the defendant if he had procured or suborned any other person to make a false oath, that would have been a violation of the statute, but nothing was said about the defendant obtaining another, by means of money, to commit perjury. When the counsel for the defendant objected to the question as a violation of the Act of 1911, the district attorney at once said, in the presence of the court and jury, that it was not his purpose to indicate that money had been used by the defendant to induce false swearing.

If we would accept the interpretation of the defendant's counsel of the question, we are of the opinion that, in view of the defendant's testimony preceding the objectionable question, it is not a violation of the Act of 1911. That law was passed to prevent a practice that was approved of in Com. v. Racco, 225 Pa. 113, permitting the defendant to be asked whether or not he had committed other offences than that for which he was being tried. The

question propounded was not in violation of the statute; it referred to no offence unrelated to the crime for which he was on trial, as is contemplated by the statute.

The object of the Act of 1911 is not to forbid inquiring into the purpose of paying or offering to pay money to a witness in the case. Such conduct might be perfectly legitimate and it might not be. To ascertain such a fact is very important, and it is certainly not forbidden. Otherwise, money might be wrongfully used by the defendant; witnesses influenced to commit perjury, and yet no reference be allowed to be made thereto in the trial. It can hardly be said that if a defendant paid money to a witness and that it was paid to induce the witness to swear falsely, that such testimony would not be admissible. We find no decision supporting that view.

It is the duty of the district attorney to develop facts, and he has the right to draw any inferences from the testimony, provided they are germane to the issue being tried. The defendant originally denied that any money was paid, and then corrected himself by stating that he had paid a certain sum to Paul, which, we might add, was proper to do if it was for the purpose of obtaining a settlement of any civil action which might possibly be brought against him. But the district attorney had the right to ascertain whether this money was for the adjustment of a civil suit or for some other purpose.

In the cases cited by the defence, of which Com. *v.* Gibson, 275 Pa. 338, is an example, the district attorney referred to former convictions, which was a clear violation of the Act of 1911.

But if we assume the question was objectionable, it was not, under the circumstances, such a flagrant irregularity as to warrant the withdrawing of a juror. The court told the jury, and repeated in his charge, that there was no testimony that the defendant had influenced the witnesses to swear falsely, and the district attorney immediately, upon the objection being made, stated that it was not his purpose so to indicate. The defendant's rights, therefore, were adequately protected.

In the case of Com. *v.* Lyons, 283 Pa. 327, the defendant was charged with murdering a man. The district attorney asked him, on cross-examination, if he had not been previously arrested for assaulting his wife. The defendant's counsel interposed and objected and asked that a juror be withdrawn and the case continued. The trial judge sustained the objection, but declined to withdraw a juror. On an appeal, the Supreme Court said: "We do not agree with appellant's contention, however, that the fact that the district attorney asking the defendant as to his arrest for an assault upon his wife, to which we have referred—assuming that, because of the statute, it was improper—necessitated the withdrawal of a juror and a continuance of the case." See, also, Rock, Executor, *v.* Cauffiel, 271 Pa. 560.

This reasoning leads us to the conclusion that the question was not in violation of the Act of 1911, and even if it was objectionable, it was not such a flagrant act as to justify the withdrawal of a juror.

This brings us to the alleged statement made by the district attorney in his argument to the jury to "bring in a verdict of guilty, and your verdict will meet the approval of the people of Blair County." This appeal is alleged to have been made before the noon recess, and attention was not called thereto until after court had reconvened. But that was not too late to complain if a wrong had been done: Kelly *v.* Scranton Ry. Co., 270 Pa. 77.

The district attorney immediately denied that he made the imputed statement, alleging that he simply asked that the jury render a verdict that would do justice.

Commonwealth v. Dunkel.

We do not recall that the district attorney used that language or language importing similar meaning. As the correctness of the statement alleged to have been made was not conceded, but expressly denied by the district attorney, it was incumbent upon the defence, in order to bring the remarks of counsel on the record, to either call the court's attention to them *at the time* they were made and request that they be placed on the notes of trial or to bring them before the court by affidavits in support of the verity. The bare assertion in the motion that counsel had made these remarks, when the court did not recall them, is insufficient to support this objection: Com. v. Shields, 50 Pa. Superior Ct. 1, 23.

The jury were expressly cautioned to dismiss all collateral matters in the consideration of this case and to confine themselves to the evidence. The defendant was entitled to a fair trial, but after a careful investigation of the record in this case and consideration of the reasons assigned for a new trial, we have reached the conclusion that there is no just cause for complaint. The evidence was contradictory, but if the jury believed the testimony offered on the part of the Commonwealth, which they apparently did, there were sufficient grounds to base a verdict of guilty.

The motion for a new trial is overruled.

From Robert W. Smith, Hollidaysburg, Pa.