## Com. of Pa. *v.* Smith, Appellant.

Argued May 8, 1934. Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*S. Y. Rossiter,* for appellant.

*Burton R. Laub,* Assistant District Attorney, and with him *Mortimer E. Graham,* District Attorney and *William F. Illig,* Assistant District Attorney, for appellee.

OPINION BY BALDRIGE, J., July 13, 1934:

The defendant was tried on an indictmment containing three counts: assault and battery, aggravated assault and battery and felonious assault and battery with intent to commit the crime of murder. He was convicted on the first two counts of the indictment. A careful consideration of the record has convinced us that there is no error therein of which the appellant has just cause of complaint.

The Commonwealth showed that the appellant had been paying attention to the wife of Steve Kovaly, Sr., for a period of a couple of years, which was the cause of an ill feeling that existed between the two men. On the 11th of November, 1933, the defendant was seen near the Kovaly home and was heard to make threats against the life of Steve Kovaly, Sr. Later the same day, between one and two o'clock in the afternoon, defendant went to the Kovaly home, opened the door, thrust his shotgun through the opening, and fired a shot, which took effect in the wrist of Steve Kovaly, Jr., sixteen years of age, who, when he saw the defendant with the gun, and aware of the difficulties between his father and the defendant, took

refuge behind a stove. After the appellant shot, young Kovaly, who had seized a .22-caliber rifle, shot twice, but did not hit the defendant. The defendant, when he discovered that the person whom he had shot was the son, made the statement: "Oh, Steve, I didn't know it was you. I thought it was your father."

The appellant complains that the court charged erroneously upon the law as to the third count. The jury, by its verdict, having acquitted the defendant of that count, we think it is unnecessary to discuss this alleged error, as the charge of intent to commit murder was thus eliminated. Assuming, but not deciding, that the appellant's contention is correct, the instructions of the trial judge as to that count had no such material bearing on the other counts as to harm the defendant.

The second complaint is to the court's charging the jury that the defendant, when he saw whom he had shot, "expressed his sorrow for having shot the boy, and said at that time that he was sorry he shot him and that he intended to shoot the father," instead of repeating the actual words, "Oh, Steve, I didn't know it was you. I thought it was your father."

In Com. v. O'Brien, 312 Pa. 543, 168 A. 244, where the indictment charged that the defendant had offered and promised to give Richard J. Beamish, Secretary of the Commonwealth, the sum of $20,000 to influence his decision in awarding a contract for voting machines for the city of Philadelphia, the trial judge charged the jury that Mr. Beamish had stated that the defendant "said that he would give him $20,000, or the Shoup Company would give him $20,000 if he would award the contract to that company." The testimony was that the defendant, in an interview with Mr. Beamish, said: 'There will be a nice present in it for you, if the Shoup Company gets the award." The Supreme Court held that this variance between

the testimony of the witness and the judge's statement to the jury was of such a nature as to prejudice the interests of the defendant and deprive him of a fair trial. The alleged expression was the very pith of the case, and the defendant's guilt or innocence depended upon the exact language that was used.

In the case at bar, what was said after the shooting was not so vital, as the gravamen of the offense was not the subsequent utterance, but the action of the appellant in shooting the boy, which is not denied. The chief defense relied upon was that the appellant shot in self-defense. The jury found, on sufficient evidence, that the appellant did shoot first. While it is important that the trial judge exercise extreme care in the quoting of testimony, we think, in the present case, where the guilt or innocence of the defendant depended upon an action, not words used, the error made in quoting what was said did not prejudice the defendant or mislead the jury in their determination of the real issue involved, and warrant the setting aside of the verdict. Doubtless, the prisoner did not intend to shoot the boy, but that did not lessen his guilt: Com. v. Eisenhower, 181 Pa. 470, 37 A. 521; Com. v. Lyons, 283 Pa. 327, 129 A. 86. We do not see how the jury could have escaped finding the defendant guilty of aggravated assault and battery. We are of the opinion that the defendant had a fair trial and that his acquittal would have been a clear miscarriage of justice.

We have examined the other assignments of error and find them without merit.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.