## Commonwealth *v.* De Matteo, Appellant.

Argued November 23, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Duggan, Jr.,* with him *William H. Coleman,* for appellant.

*Earl R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1938:

Appellant stands convicted of and sentenced for voluntary manslaughter in the killing of Samuel Marino. On a previous trial he was found guilty of second degree murder. The homicide is not denied. Appellant claims it was accidental.

At the time of the killing the deceased and another man Provenza were together, side by side, at appellants' farm. There was some ill feeling between him and Provenza, whose daughter was married to his son. Appellant was armed with a double barreled shotgun. He recognized the other two. He ordered them away and called them brigands. Provenza replied they were not brigands that he had come to see his daughter. As the two men approached, appellant threatened to kill them both, to which Provenza replied that if he intended to kill any one, to kill him, as he had brought the other man to the property. When they were seven or eight feet from appellant, he fired both barrels of the gun, the sec-

ond shot killing Marino. As Provenza was bending over the latter, appellant struck Provenza over the head with the gun, wounding him.

The Commonwealth proved that some time before the homicide appellant had threatened to shoot Provenza. It is argued that it was error to admit evidence of these threats when appellant was being tried for the killing of Marino. This is the only question raised. The testimony was properly admitted. It showed the state of the killer's mind, that he had ill will against one of the two men before him, hence a motive for the shooting, and in aid of the present threat it indicated a reason for it. The threat made at the time disclosed a purpose to kill both men, but whether the immediate intent was to shoot both, or only the one who did not receive the charge from the gun, the crime was the same as it would have been had the shot struck the one for whom they were intended. "The degree of guilt is not varied because mortal violence intended for one person accidentally kills another": *Com. v. Lyons,* 283 Pa. 327, 129 A. 86. Had Provenza been killed instead of Marino, there could have been no question as to the admissibility of the threats: *Com. v. Jones,* 269 Pa. 589, 113 A. 57; see also *Com. v. Tyrrell,* 296 Pa. 332, 145 A. 855; *Com. v. Peronace,* 328 Pa. 86, 195 A. 57. As Provenza was there, and as the killer intended to shoot either him or both of them, it can not be said that the testimony was not as properly received as it would have been had Provenza been there alone.

The felonious assault upon Provenza and the killing of the deceased was in the nature of a double crime, as in the *Lyons* case, hence any evidence that would have been competent on a trial for the felonious assault upon Provenza was admissible on the trial for the slaying of Marino.

*Abernethy v. Com.,* 101 Pa. 322, has no application to the situation now presented to us. In that case the de-

fendant threatened to kill one man and later killed another. There was no connection shown between the person threatened and the one killed.

The judgment of sentence is affirmed.